O'Sullivan v Jacaranda Club, LLC (2024 NY Slip Op 01117)

O'Sullivan v Jacaranda Club, LLC

2024 NY Slip Op 01117

Decided on February 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 29, 2024

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 155369/22 Appeal No. 1779 Case No. 2023-04923 

[*1]Margaret O'Sullivan, et al., Plaintiffs-Appellants,
v
Jacaranda Club, LLC, et al., Defendants-Respondents.

Joseph & Norinsberg, LLC, New York (Michael R. Minkoff of counsel), for appellants.
Akerman LLP, New York (Jeffrey A. Kimmel of counsel), for respondents.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered April 14, 2023, which, to the extent appealed from as limited by the briefs, granted defendants' motion to compel arbitration and stayed the matter pending arbitration, unanimously affirmed, without costs.
Asserting claims under New York State and City Human Rights Laws, plaintiffs allege that they were subjected to sexual assault, sexual harassment, discrimination, and retaliation while working as dancers and entertainers at two of defendants' adult clubs in New York City. As a condition of their employment at the clubs, plaintiffs signed Entertainment License Agreements, in which they agreed to arbitrate any and all disputes arising out of their performance of services at the clubs (arbitration agreements).
Plaintiffs contend that the arbitration agreements were invalidated by the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (Pub L 117-90, 136 Stat 26 [codified at 9 USC §§ 401, 402]) (EFAA), which became effective on March 3, 2022. The EFAA applies to "any dispute or claim that arises or accrues on or after" its enactment. They argue that their "case" includes at least one "claim" covered by the EFAA.
It is undisputed that plaintiffs Krauel's and O'Sullivan's claims are not covered by the EFAA because each claim arose or accrued prior to March 3, 2022; the latest Krauel and O'Sullivan worked at the clubs was April 12, 2019 and February 25, 2022, respectively (see Walters v Starbucks Corp., 623 F Supp 3d 333, 337 [SD NY 2022]). Even assuming plaintiff Ciaramella [FN1]— who worked at one of the clubs on and off approximately from March 29, 2013, to September 22, 2022 — had some nonarbitrable claims arising on or after March 3, 2022, the EFAA does not permit Krauel and O'Sullivan to avoid arbitration of their claims simply by adding Ciaramella's EFAA-protected claims to a single complaint (see KPMG LLP v Cocchi, 565 US 18, 19 [2011]). Nor does the court have discretion to retain jurisdiction over plaintiffs' claims that accrued prior to March 3, 2022 (see e.g. Silverman v DiscGenics, Inc., 2023 WL 2480054, *2, 2023 US Dist LEXIS 42753, *7 [D Utah 2023]).
Further, the court properly stayed Ciaramella's nonarbitrable claims because the two types of claims are "inextricably interwoven" and "the determination of issues in arbitration may well dispose of the nonarbitrable matters" (Protostorm, Inc. v Foley & Lardner LLP, 193 AD3d 486, 487 [1st Dept 2021] [internal quotation marks omitted]). Contrary to plaintiffs' argument, the EFAA did not displace a court's discretion to stay nonarbitrable claims pending arbitration of arbitrable claims (see Castillo v Altice USA, Inc., 2023 WL 8650270, *6, 2023 US Dist LEXIS 224924 *20 [SD NY 2023]).
Plaintiffs also invoke CPLR 7515, which was amended in 2018 to provide that "[e]xcept where inconsistent with federal law, no written contract, entered into on or after the effective date of this section," shall contain [*2]a clause requiring parties to arbitrate any discrimination claim (CPLR 7515[a][2]). This argument fails, as CPLR 7515 was preempted by the Federal Arbitration Act (FAA) until the effective date of the EFAA. The FAA states that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract" (9 USC § 2). Plaintiffs argue that the EFAA overrode the FAA's preemptive effect over the application of CPLR 7515. However, from its effective date, July 11, 2018 through March 3, 2022, CPLR 7515 was in derogation of the FAA's strict enforcement of arbitration agreements (see Walters v Starbucks Corp., 623 F Supp 3d at 338). Thus, to the extent the FAA required enforcement of arbitration clauses prior to the enactment of the EFAA, CPLR 7515 was, by its own terms, "inconsistent" with the federal statue and thus would not apply to invalidate those arbitration clauses (id.).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 29, 2024

Footnotes

Footnote 1: Ciaramella's name is misspelled in the caption and in portions of plaintiffs' papers.